UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GOLDSTAR PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2567** |
| **JUSTIN ANGEL, ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court are two motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2): defendant Law Office of Kyle Felty, P.A.'s **(R. Doc. 6)** and defendant Justin Angel's **(R. Doc. 13)**; plaintiff Goldstar Properties, LLC's oppositions to each (R. Doc. 9; 14, respectively); defendant Law Office of Kyle Felty, P.A.'s reply (R. Doc. 12); and defendant Justin Angel's reply (R. Doc. 15).

For the following reasons,

**IT IS ORDERED** that defendants Law Office of Kyle Felty, P.A.'s **(R. Doc. 6)** and Justin Angel's **(R. Doc. 13)** motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) are **GRANTED**. Accordingly, plaintiff Goldstar Properties, LLC's claims against defendants Law Office of Kyle Felty, P.A. and Justin Angel are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2021, defendant Justin Angel ("Angel"), as manager for plaintiff Goldstar Properties, LLC ("Goldstar"), engaged defendant the Law Office of Kyle Felty ("Felty Firm") to prepare a quitclaim deed to divide a piece of property in Hobe Sound, Florida.[1] The Felty Firm prepared the deed, and it was signed by Angel on behalf of Goldstar.[2] The Felty Firm prepared subsequent

---

[1] R. Doc. 6-2 at 5.
[2] *Id.*

quitclaim deeds to be executed in Florida.[3] All quitclaim deeds were filed into the Martin County, Florida conveyance records.[4]

On July 18, 2023, Goldstar filed suit against the Felty Firm and Angel.[5] Goldstar alleged that Angel transferred 100% of his interest in Goldstar to Samuel Markovich (Markovich).[6] Despite this, Goldstar maintains that Angel continued to act as manager of Goldstar and transfer Goldstar owned properties to third parties.[7] Goldstar further alleged that the Felty Firm should have known that Angel was no longer the owner at the time the Felty Firm executed the quitclaim deeds.[8]

## LEGAL STANDARDS

### A.     Rule 12(b)(2) Motion to Dismiss

In a 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing jurisdiction, but need only present prima facie evidence." *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016) (quoting *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)). The Court is not restricted to pleadings and may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell*, 317 F.3d at 469. The allegations of the complaint, except as controverted by opposing affidavits, are taken as true and all factual conflicts are resolved in the plaintiff's favor. *See Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A district court may assert either general or specific jurisdiction over a party. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867–68 (5th Cir. 2001). General

---

[3]    *Id.*
[4]    *Id.*
[5]    *Id.* at 6; *see also* R. Doc. 1.
[6]    R. Doc. 1; R. Doc. 6-2 at 6; R. Doc. 9 at 1; R. Doc. 13-1 at 5.
[7]    R. Doc. 9 at 2; R. Doc. 13-1 at 5.
[8]    R. Doc. 1; R. Doc. 6-2 at 6; R. Doc. 9 at 2; see also R. Doc. 13-1 at 5–6.

jurisdiction is established where the defendant has "continuous and systematic" contacts with the forum state. *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010). To show the type of "continuous and systematic" contact required for general personal jurisdiction, a plaintiff must demonstrate contacts of a more extensive quality . . . and must be substantial." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Fifth Circuit has stated that although the plaintiff must make out a prime facie case of general jurisdiction, conclusory allegations of contacts with forum, even if uncontroverted, cannot establish general jurisdiction. *See Panda Brandywine Corp.,* 253 F.3d at 869.  The Supreme Court has established that a court may assert general jurisdiction over foreign corporations when their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. Co. v. Tyrrel*, 581 U.S. 402, 413 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).  The paradigm forums in which a foreign corporate defendant is considered to be at home are the place of incorporation, and the principal place of business.  *See BNSF*, 581 U.S. at 413.  Additionally, the Supreme Court has held that there may be an "exceptional case" where a corporate defendant's contacts with another forum are "so substantial and of such a nature as to render [it] at home in that state." *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).

Specific jurisdiction may be established where the defendant lacks "continuous and systematic contacts" but has instead some minimum contacts that establish (1) the defendant has "purposefully directed his activities at residents of the forum," and (2) that the plaintiff's alleged injury "arise[s] out of or relate[s] to the defendant's contacts with the forum state. *Clemens v. McNamee*, 615 F.3d 374, 378–79 (5th Cir. 2010) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985).  The minimum contacts test is satisfied by a single act or actions by which the

defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Tsaoussidis v. State Farm Mut. Auto. Ins. Co.*, 28 So. 3d 311, 315 (5th Cir. 2009). The defendant's purposeful availment cannot be random or fortuitous and must be such that the defendant should reasonably anticipate being hauled into court in the forum state. *Id.* Once minimum contacts are established, a court must then analyze the quality and nature of contacts to determine whether exercise is reasonable. *Byers v. Edmondson*, 95-02213, p. 5 (La. App. 1 Cir. 11/09/01), 807 So. 2d 283, 286. There must be a sufficient nexus between the defendant's minimum contacts and the plaintiff's alleged injury. *Id.* at 379.

B.  **Transfer Pursuant to 28 U.S.C. § 1404**

This Court has broad discretion in deciding whether to order a transfer pursuant to 28 U.S.C. § 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (citing *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)). The Fifth Circuit construes this discretionary transfer language to permit transfer when it is in the convenience of the parties and in the interest of justice, regardless if personal jurisdiction existed in the transferring court. *Aguacate Consol. Mines, Inc. v. Deep Rock, Inc.*, 566 F.2d 523, 524 (5th Cir. 1978). In deciding whether to transfer the case or simply dismiss, this Court may consider if discovery has already occurred, how much time has elapsed, and if the statute of limitations have elapsed. *Id.*

## LAW AND ANALYSIS

A.  **Rule 12(b)(2) Motion to Dismiss**

This Court cannot assert general personal jurisdiction over defendants Felty Firm or Angel as they are not at home within the state of Louisiana. The proper forum for exercising general jurisdiction over a corporation is where that corporation is "at home." *See BNSF Ry. Co.*, 581 U.S.

at 413. As discussed above, the paradigm locations for the exercise of general jurisdiction are the place of incorporation and the principal place of business. In this case, the Felty Firm is incorporated and has its principal place of business in Florida. *See* R. Doc. 6-3. Therefore, this Court cannot exercise general jurisdiction.

There still remains the "exceptional" case identified by the Supreme Court, where a corporate defendant's contacts with another forum are "so substantial and of such nature as to render [it] at home in that States." *See BNSF Ry. Co.*, 581 U.S. at 413 (quoting *Daimler*, 571 U.S. at 139 n.19). The Supreme Court has found a "sufficient basis for the exercise of general jurisdiction over a non-resident defendant in only one modern case." *Patterson*, 826 F.3d at 235 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)). In *Perkins*, the Supreme Court found that a foreign corporate defendant had sufficiently extensive contacts with the state because it maintained an office with company files in the state, maintained bank accounts in the state, used a state bank as a transfer agent for stock of the company, corresponded from the state, paid salaries in the state, and held directors meetings in the state. *See Perkins*, 342 U.S. at 445. The Felty Firm's interactions with the state of Louisiana do not rise to this level. The Felty Firm does not have an office in Louisiana, the firm does not market its services to Louisiana, and does not have any Louisiana licensed attorneys. *See* Rec. Doc. 6-3. Additionally, Goldstar does not allege that the Felty Firm contacted Markovich in Louisiana. Therefore, the Felty Firm does not meet any of the three criteria for general jurisdiction in Louisiana—it is not incorporated in Louisiana, its principal place of business is not in Louisiana, and its contacts with Louisiana are not so substantial and of such nature as to render them at home in Louisiana.

Similarly, Angel is also not subject to general jurisdiction. As a resident and domiciliary of Florida—who has never even been within the state of Louisiana—it cannot be said that Angel has continuous and systematic ties with the forum in order to be subject to this Court's jurisdiction.

As it relates to minimum contacts, Goldstar relies upon the fact that while the conversion of the Property by the Felty Firm took place in Florida, the effects of the conversion are felt in Louisiana and the economic harm will be suffered in Louisiana. However, this contention misinterprets personal jurisdiction. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Danziger & De Llano*, 24 F.4th at 497–98. Therefore, the fact that Markovich will feel the alleged harm in Louisiana is unrelated to whether the Felty Firm has minimum contacts with the state of Louisiana. As such, taking into account the Firms lack of marketing and business presence in Louisiana, this Court cannot exercise specific jurisdiction over the Felty Firm

Regarding Angel, Goldstar relies upon the fact that Angel directly dealt with Markovich, a Louisiana resident, via telephone and email communications. This also fails to establish personal jurisdiction. "Mere communications or negotiations with a resident of the forum state [are] not enough to subject non-resident defendants to the forum state's jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 359 (5th Cir. 2001) (citing *Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir. 1992)); *see also Big Easy Energy, LLC v. Conglomerate Gas*, No. 09-3231, 2010 WL 1038225, at *6 (E.D. La. Mar. 17, 2010). Additionally, "the plaintiff cannot be the only link between the defendant and forum." *Walden*, 571 U.S. at 285 (2014). Goldstar provides no other support for a finding of minimum contacts with the state of Louisiana, and therefore cannot prove a prima facie case of personal jurisdiction; its contention that limited discovery could substantiate facts to establish a prima facie case for general jurisdiction is merely unsupported conjecture.

For these reasons, we reject Goldstar's request for jurisdictional discovery, as a fruitless effort to avoid the inevitable, and find that Goldstar's claims against the Felty Firm and Angel must be dismissed, pursuant to Rule 12(b)(2), for lack of personal jurisdiction.

**B.     Transfer Pursuant to 28 U.S.C. § 1404**

Plaintiff requests this Court to transfer the case to the Southern District of Florida instead of dismissal, relying on *Aguacate Consol. Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir. 1978). In that case, the district court transferred the case to a forum that would have personal jurisdiction over the defendants. *Aguacate*, 566 F.2d at 524. The court evaluated several considerations in exercising their discretion to transfer the case: the extent to which discovery has taken place; how long the litigation has been active; and whether the plaintiff's right of action will be affected by the statute of limitations. *Id.* Discovery had already occurred, litigation had been active for several years, and the plaintiff would not have been able to refile as the claim was then barred by the statute of limitations. *Id.*

None of these concerns are present in the case at bar. Neither party has filed responsive pleadings, no discovery has been undertaken, the litigation has just commenced, and no rights are currently threatened by the statute of limitations. As such, *Aguacate* is inapposite to this case. Therefore, this Court declines to transfer this suit to the Southern District of Florida.

New Orleans, Louisiana this 3rd day of May, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE